**WO**

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Michael Hayes, | ) | |
|           Plaintiff, | ) | CIV 14-1938-TUC-DCB (LAB) |
| v. | ) | |
| Social Security Administration, | ) | Report and Recommendation |
|           Defendant. | ) | |

Pending before the court is a motion to dismiss filed by the defendant on October 6, 2014. (Doc. 22)

The plaintiff in this action, Michael Hayes, claims his social security retirement benefits were improperly reduced when he applied for early retirement benefits in order to receive Supplemental Security Income (SSI) disability benefits. He argues his benefits should be restored now that he has reached his full retirement age.

The government argues this action should be dismissed because Hayes's benefits were reduced in accordance with the law.

The case has been referred to Magistrate Judge Bowman for report and recommendation pursuant to the Local Rules of Practice. LRCiv 72.1. The government is correct; the complaint should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6). The court does not reach the government's alternate argument that this court lacks subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1).

Background

In September of 2007, Hayes applied for disability insurance benefits (DIB) under Title II of the Social Security Act and Supplemental Security Income (SSI) disability benefits under Title XVI. (Doc. 22-1, p. 2)  The Commissioner for Social Security granted the application for SSI benefits but denied the application for disability insurance benefits because Hayes did not establish disability before his last insured date. *Id*.

To receive his SSI benefits, Hayes was required to apply for his social security retirement benefits right away. *See* 20 C.F.R. § 416.210(a).  And, Hayes did that in July of 2009. *Id*.

But in July of 2009, Hayes was only 62 years old, less than his full retirement age. *See* 20 C.F.R. § 404.409.  Accordingly, his benefits were reduced from his full retirement age benefits. 20 C.F.R. § 404.410.

In November of 2013, Hayes filed a Request for Reconsideration asking the Social Security Administration to "correct retirement" and "back pay to date of wrongly reduced." (Doc. 22-1, p. 2)  The Commissioner sent him a response explaining that his benefits were reduced because he began receiving them before his full retirement age. *Id*.; (Doc. 8-1, p. 6)  Although he has now reached his full retirement age, his benefits do not increase. (Doc. 8-1, p. 6)  The reduction is permanent. *Id*.

Also in November of 2013, Hayes filed for assistance with his Medicare drug costs. *Id*. On December 7, 2013, the Social Security Administration issued a fully favorable decision. *Id*. Nevertheless, on January 28, 2014, Hayes requested review by telephone. *Id*.  On January 28, 2014, the Commissioner sent Hayes a notice explaining that a hearing was not necessary because Hayes had already been given a favorable decision. *Id*.

On May 27, 2014, Hayes filed the pending amended complaint in which he claims the "SSA should immediately correct retirement monthly amount from currently $960.00 per month to over $1,240.00 per month earned plus back pay to date of wrongful reduction . . . ." (Doc. 8, p. 2)

1  On October 6, 2014, the Commissioner filed the pending motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) and 12(b)(1). (Doc. 22)  The government argues this action should be dismissed because Hayes's benefits were reduced in accordance with the law.  Hayes did not file a response.

### Discussion

"A Rule 12(b)(6) motion tests the legal sufficiency of the claim." *Cook v. Brewer*, 637 F.3d 1002, 1004 (9th Cir. 2011).  The claim must allege a legally cognizable theory of relief and include factual allegations sufficient to support that theory.  *Hinds Investments, L.P. v. Angioli*, 654 F.3d 846, 850 (9th Cir. 2011).

"All allegations of material fact in the complaint are taken as true and construed in the light most favorable to the nonmoving party." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 -755 (9th Cir. 1994).  "However, the court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Id.*

To survive the motion to dismiss, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true even if doubtful in fact." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1965 (2007) (internal punctuation omitted).  "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Id.* at 556, 1965 (internal punctuation omitted).

In this case, Hayes claims he should be receiving his full retirement benefits having reached his full retirement age.  The Commissioner explains, however, that Hayes is now receiving a reduced benefit because he began receiving his social security retirement benefits before his full retirement age.  *See* 20 C.F.R. § 404.410.  And if you start receiving a reduced retirement benefit before your full retirement age, the benefit does not increase when you later reach full retirement age.  The benefit reduction is permanent.  *See also* http://www.social-

security.gov/retire2/otherthings.htm#sb=2 ("The amount you receive when you first get benefits sets the base for the amount you will receive for the rest of your life."). Hayes applied for his retirement benefits early because he was told he had to do so if he wanted to receive his SSI disability benefit. This instruction was correct under the law. *See* 20 C.F.R. § 416.210(a); *see, e.g., Daniels v. Commissioner of Social Sec.*, 2012 WL 847251, 5 (E.D.N.Y. 2012) ("[P]laintiff was required to file for divorced wife's benefits upon reaching the age of sixty-two in order to continue receiving SSI benefits.").

Hayes's benefit reduction is correct under the law. His action must be dismissed for failure to state a claim upon which relief can be granted.

Recommendation

The Magistrate Judge recommends the District Court, after its independent review of the record, enter an order GRANTING the government's motion to dismiss, filed on October 6, 2014. (Doc. 22)  Hayes's complaint fails to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6).

Pursuant to 28 U.S.C. §636 (b), any party may serve and file written objections within 14 days of being served with a copy of this report and recommendation.   If objections are not timely filed, the party's right to de novo review may be waived.  The Local Rules permit the filing of a response to an objection. They do not permit the filing of a reply to a response.

DATED this 1st day of December, 2014.

_Leslie A. Bowman_
Leslie A. Bowman
United States Magistrate Judge

- 4 -