# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Hayes, | ) |
|     Plaintiff, | ) |
| v. | )  CV 14-1938 TUC DCB |
| Social Security Administration, | )  **O R D E R** |
|     Defendant, | ) |

This matter was referred to Magistrate Judge Leslie A. Bowman, on April 30, 2014. Pursuant to Rules of Practice for the United States District Court, District of Arizona (Local Rules), Rule (Civil) 72.1(a), she issued a Report and Recommendation (R&R) on December 1, 2014. (Doc. 23: R&R)**.** She recommends the case be dismissed because Plaintiff's benefits were reduced in accordance with the law.

## STANDARD OF REVIEW

The duties of the district court, when reviewing a Report and Recommendation of a Magistrate Judge, are set forth in Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Fed.R.Civ.P. 72(b), 28 U.S.C. § 636(b)(1). When the parties object to a Report and Recommendation (R&R), "'[a] judge of the [district] court shall make a *de novo* determination of those portions of the [R&R] to which objection is made.'" *Thomas v. Arn,* 474 U.S. 140, 149-50 (1985) (quoting 28 U.S.C. § 636(b)(1)). When no objections are filed, the district court does not need to review the R&R *de novo*. *Wang v. Masaitis,* 416 F.3d 992, 1000 n. 13 (9th Cir.2005); *United States v. Reyna-Tapia,* 328 F.3d 1114, 1121-22 (9th Cir.2003) (*en banc*).

The parties were sent copies of the R&R and instructed they had 14 days to file written objections. 28 U.S.C. § 636(b), *see also,* Federal Rule of Criminal Procedure 72 (party objecting to the recommended disposition has fourteen (14) days to file specific, written objections). Plaintiff filed an objection on December 15, 2014, and on January 15, 2015, he filed a Notice to Dismiss, pursuant to Rule 41. Federal Rule of Civil Procedure, Rule 41 provides for voluntary dismissal by a plaintiff, without a court order if dismissal is sought before the opposing party serves either an answer or a motion for summary judgment or a stipulation of dismissal is signed by all parties who have appeared. Then, the notice or stipulation results in dismissal without prejudice. Here, the Secretary filed a Motion to Dismiss. A review of the Plaintiff's Notice to Dismiss does not reflect service upon the Defendant. The Court contacted the Defendant and there is no objection to dismissal of this action, without prejudice.

## REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b), this Court makes a *de novo* determination as to those portions of the R&R to which there are objections. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made.") To the extent that no objection has been made, arguments to the contrary have been waived. *McCall v. Andrus*, 628 F.2d 1185, 1187 (9th Cir. 1980) (failure to object to Magistrate's report waives right to do so on appeal); *see also*, Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974) (when no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation).

While there are no objections and review has, therefore, been waived, the Court nevertheless reviews at a minimum, *de novo*, the Magistrate Judge's conclusions of law. *Robbins v. Carey*, 481 F.3d 1143, 1147 (9th Cir. 2007) (citing *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998) (conclusions of law by a magistrate judge reviewed *de novo*); *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991) (failure to object standing alone will not ordinarily waive question of law, but is a factor in considering the propriety of finding waiver)).

The Court finds the R&R to be thorough and well-reasoned, without any clear error in law or fact. *See United States v. Remsing*, 874 F.2d 614, 617-618 (9th Cir. 1989) (*United States v. Remsing*, 874 F.2d 614, 617-618 (9th Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(A) as providing for district court to reconsider matters delegated to magistrate judge when there is clear error or recommendation is contrary to law). As a matter of law, the amount Hayes received when he first got benefits sets the amount he will receive for the rest of his life. And, in order to receive his SSI disability benefit he was forced to apply for his retirement benefits early at a reduced amount. (R&R (Doc. 23) at 3-4.) The Court accepts and adopts the R&R as the opinion of the Court, pursuant to 28 U.S.C. § 636(b)(1). For the reasons stated in the R&R, the Court dismisses the case, with prejudice, based in the merits of Plaintiff's claim.

**Accordingly,**

**IT IS ORDERED** that the Report and Recommendation (Doc. 18) is adopted as the opinion of the Court.

**IT IS FURTHER ORDERED** that the Motion to Dismiss (Doc. 22) is GRANTED.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter Judgment accordingly.

DATED this 29th day of January, 2015.

David C. Bury
United States District Judge